UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81263-RS/WM

PHILLIPS NORTH AMERICA LLC, *et al.*,

        Plaintiffs,

v.

626 HOLDINGS, INC., *et al.*,

        Defendants.
_____/

FILED BY ___KJZ___ D.C.

*Sep 23, 2020*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING DEFENDANTS' MOTION [DE 143] AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION [DE 126]

**THIS CAUSE** is before the Court upon Defendants' Expedited Motion to Provide Attorneys' Eyes Only Information to their Experts in Advance of the Expert Disclosure Deadline [DE 143], and Plaintiffs' Amended Motion to Compel Compliance with Electronic Discovery Order's Email Discovery Process [DE 126].

### I.   THE ONGOING DISCOVERY PROBLEMS IN THIS CASE

The initial Scheduling Order in this case was entered on December 3, 2019 [DE 24]. The Order Setting Discovery Procedure was entered on December 5, 2019. Since then, there have been constant and repeated discovery disputes in this case, many of them unnecessary. The parties have filed more than fifteen discovery related motions, and scores of responses, replies, notices and sealed filings. The Court has entered more than 20 discovery related orders, including substantive orders, paperless orders, orders setting hearings and requiring further conferral, and orders regarding the sealing of discovery materials.

In an effort to rule on the numerous discovery disputes and also to prompt the parties to deal reasonably and efficiently with their respective discovery obligations, the Court has held at least three previous discovery related hearings, on June 26, 2020 [DE 74], July 6, 2020 [DE 88],

and August 21, 2020 [DE 120].

## II.     THREE MORE DISCOVERY MOTIONS

And the beat goes on. Although the fact discovery cut-off date is next week, September 29, 2019 [DE 133], three more discovery motions were recently filed, one of them on an expedited basis. To deal with those motions, the Court held yet another discovery hearing on September 22, 2020, on the Motions recently filed at DEs 126, 143 and 128.[1] The Motions are fully briefed, and the parties filed a lengthy 27-page Joint Notice. [DEs 151, 152, 126, 137; 159].

## III.     THE COURT'S RULINGS ON DEs 143 AND 126

At the September 22, 2020 hearing, the Court made certain oral rulings on the record and reserved ruling in part. This written order follows.

1. Defendants' Expedited Motion to Provide Attorneys' Eyes Only Information to their Experts in Advance of the Expert Disclosure Deadline [DE 143] is **GRANTED**. The Court finds that Defendants' need to disclose the Attorneys-Eyes-Only (AEO) information to their two experts is great. Defendants' two experts (Dr. Kevin Fu and Stacy Scott) require this information to complete their expert reports. The alleged risk identified by Plaintiffs, including that of inadvertent disclosure, is speculative and remote as none of Defendant's experts are decision-makers, or even work for, a competitor of Plaintiffs. *See Santella v. Grizzly Indus., Inc.*, 2012 WL 5399970, at *6 (D. Or. Nov. 5, 2012) ("In addition to being in a competitive relationship, [the expert] must be acting as a decision-maker.").

---

[1] This Order resolves the two pending discovery Motions filed at DEs 143 and 126. A separate Order will be issued resolving the final pending discovery motion filed at DE 128 once the parties submit their Joint Notice which is due on September 24, 2020. The fact discovery cut-off date in this case is September 29, 2020.

   Neither fact is present here. Moreover, that risk is especially minimal in light of the Stipulated Confidentiality Agreement and Protective Order [DE 29] in place, and this Court's additional requirements specified in the next paragraph, guarding the AEO information. It is undisputed that it is Plaintiffs' burden to show that the risk of harm outweighs the need for discourse of the AEO materials to Defendants' experts, and the Court finds that Plaintiffs have failed to meet their burden in that regard. Accordingly, Defendants may turn over the AEO material to their experts after the Declarations referenced in the next paragraph are signed by each expert.

2. The Court will order certain safeguards to protect the sensitive AEO information. To that end, both experts must sign a Declaration stating that they have not provided cybersecurity consulting services in regard to medical imaging devices within the past five years. They must also state in the Declaration that they will not, either directly or indirectly, disclose, misappropriate, utilize, rely upon, or refer to in any way the AEO information for any purpose outside of this litigation. Further, they shall state in the Declaration that they will strictly comply and be bound by the Stipulated Confidentiality Agreement and Protective Order [DE 29]. Each signed Declaration shall promptly be filed on the docket in this case.

3. Plaintiffs' Amended Motion to Compel Compliance with Electronic Discovery Order's Email Discovery Process [DE 126] is **GRANTED IN PART** as follows. The date range for the production of emails as to Defendant Kalish is March 1, 2013, onward. The date range for the production of emails as to all other record custodians at Defendant 626 Holdings is January 1, 2016, onward.

4. Plaintiffs' Motion [DE 126] is **DENIED IN PART** as follows. Defendant is not

3

required to produce all emails that contain the identified search terms which include many nonresponsive and irrelevant emails. Instead, Defendant must produce all emails that contain the identified search terms except those emails which are clearly not responsive to any identified topic and are irrelevant. As stated on the record at the September 22, 2020 hearing, the Court emphasizes that Defendant shall be exceedingly liberal in determining which emails to produce, and Defendants' counsel shall comply with their legal, ethical and professional responsibilities in producing discovery in this case. The Court sees no need for Defendants to go through the time and expense to produce "junk" discovery, irrelevant discovery related to other customers, or wholly unrelated documents. But, the Court wants responsive and relevant documents produced. All fact discovery production by all parties shall be completed on or before September 29, 2020.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of September, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge